IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 12-00340-01-CR-W-HFS |
| | ) |
| GERALD W. JONES, | ) |
| | ) |
| Defendant. | ) |

REPORT AND RECOMMENDATION

On November 9, 2012, the Grand Jury returned a twenty-eight count indictment against defendants Gerald W. Jones, Jamon L. Buford, Timothy L. Matthews, Willie E. Hill, Thomas G. Turner, Isaac J. Anderson, Larris L. Burnett, Terry D. McIntosh, Micah F. Williams, Nicole L. Bly, and Darrell B. Williams.[1]  Defendant Jones is charged in twenty-one of the twenty-eight counts.  These charges include conspiracy to distribute one kilogram or more of phencyclidine (PCP), distribution of PCP, distribution of PCP and crack cocaine, aiding and abetting the distribution of PCP, and being a felon in possession of a firearm.

On August 28, 2013, defense counsel filed a Motion for Determination of Competency requesting that defendant Jones undergo an examination and that a report be filed with the Court concerning defendant's mental ability to understand the proceedings presently pending against him and to properly assist counsel in his own defense.  On December 2, 2013, the Court ordered that defendant undergo a psychiatric examination.

Defendant Jones was examined by Dr. William S. Logan at the Corrections Corporation of America Detention Facility in Leavenworth, Kansas on December 5, 2013.  On December 19,

---
[1]Defendants Buford, Matthews, Hill, Turner, Anderson, Burnett, McIntosh, Micah Williams, Bly, and Darrell Williams have entered guilty pleas.

2013, a report was filed with the Court. The report concluded:

> It is my opinion with a reasonable degree of medical certainty, that Mr. Jones is not presently suffering from a mental disease or defect which would render him incompetent to the extent he would be unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

(Doc #226 at 12)

On January 15, 2014, a hearing was held before the undersigned with respect to defendant's competency to stand trial. The parties stipulated to Dr. Logan's report. No other evidence was offered on the issue of defendant's competency to stand trial.

The only evidence before the Court on the issue of defendant's competency is the report (doc #226) filed on December 19, 2013. As set forth above, Dr. Logan found that "Mr. Jones is not presently suffering from a mental disease or defect which would render him incompetent to the extent he would be unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." (Doc #226 at 12)

Based upon the information before the Court, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order finding that defendant Gerald W. Jones is not currently suffering from a mental disease or defect which would prevent him from understanding the nature and consequences of the proceedings against him or assisting in his defense.

Counsel are reminded they have fourteen days from the date of this Report and Recommendation within which to file and serve objections. A failure to file and serve timely objections shall bar an attack on appeal of the factual findings in this Report and

Recommendation which are accepted or adopted by the district judge, except on grounds of plain error or manifest injustice.

          */s/ Sarah W. Hays*
          SARAH W. HAYS
          UNITED STATES MAGISTRATE JUDGE